835 W. Wardlow Rd.
Highland, MI 48357

December 29, 2020

Honorable Anita B. Brody
USDC Eastern District PA
601 Market Street
Philadelphia, PA 19106

RE:   06-cr-658-03 ABB
       Restitution

Your Honor:

The purpose of this letter is to advise you of the present status of my restitution for your guidance and intervention, to wit:

On or about October 11, 2017, Plaintiff's Paralegal Specialist, Levain L. Kelly, informed me of the necessity to conduct an evaluation of my "financial resources and ability to pay your debt imposed" in this above-captioned case. I promptly completed the financial statement form and attached all documents in support as requested with a cover letter informing Mr. Kelly of my full compliance with the schedule of payments on the restitution judgment and that my circumstances had changed rather dramatically in August that I did not anticipate to improve in the foreseeable future, that was received on October 31, 2017. **Exhibit "A."**

On or about February 1, 2018, Mr. Kelly informed me that upon review of the information I had provided, it had been determined that my "monthly payment amount should be $25.00," and enclosed an "Installment Payment Agreement" for me to sign and return. **Exhibit "B."** While I was in agreement with the terms and conditions of the proposed repayment plan, I was reluctant to sign off on it as "Judge Brody had made it very clear that only the Court, an Article III entity, has the authority to change the schedule of payments." As this was the only issue on which I had prevailed on appeal, I would not voluntarily countermand the Court's authority and traverse my own position. I proposed the government draft an Agreed Order that reflected the terms and conditions of the repayment plan that would be signed by the parties and put forth to the Court for approval, and included my first payment of $25.00 for 2018, under either the amended restitution

judgment or a court-approved installment repayment plan. **Exhibit "C."** Mr. Kelly did not present any further documents for my consideration.

I became eligible for full Social Security Retirement benefits November 2019 and began receiving monthly payments the second week of December 2019. On February 12, 2020, the amount of the monthly benefit was 15% less than previous amounts. I called Social Security and was informed that the IRS had deducted 15% of my benefit to pay an outstanding debt of restitution. On March 4, 2020, I left a message on Mr. Kelly's voicemail and sent an email, as follows:

> "US v Taylor ED PA 06-658-3 Restitution
> From: "Constance Taylor" <ccsllc@mail.com>
> To: Levain.Kelly@usdoj.gov
> Date: Mar 4, 2020 12:01:02 PM
>
> Mr. Kelly:
>
> I just left a message on your voice mail regarding my Social Security benefit from which 15% was deducted by the IRS on February 12, 2020, WITHOUT NOTICE to me. This is in contradiction to the Court's restitution judgment and schedule of payments ordered in November 2012. As I have informed you in the past, particularly on February 17, 2018, only an Article III entity has the authority to determine and change the schedule of restitution payments. Furthermore, I have timely and fully made all restitution payments ordered by the court, and am not in arears. Thus, there is absolutely no justification for this deduction.
>
> Kindly acknowledge your receipt of this email and cease and desist the 15% deductions from my Social Security benefit.
>
> Thank you.
>
> Constance Taylor"

**Exhibit "D."**

Figuring the March deduction of 15% was due to insufficient time to stop the automatic deduction, I was heartened to see that this deduction was not made in April, and thought at first it was due to Mr. Kelly's acknowledgment of the error. However, it became apparent that the deduction was not made because of COVID-19 and the Department of Justice's decision to suspend all restitution payments during the pandemic.

On November 11, 2020, my Social Security benefit was, once again, reduced by 15%. As Mr. Kelly is well aware of this Court's restitution judgment and schedule of payments, and my full compliance with this Court's order to pay $100 a year towards the restitution, it is now very clear that Mr. Kelly knowingly and intentionally is subverting due process and usurping this Court's authority to my prejudice and harm.

I became unemployed on March 21, 2020 because of COVID-19 and continue to be unemployed therefore. My COVID-19 unemployment assistance ceased on December 21, 2020. My only source of income is Social Security. A 15% reduction in my Social Security benefit causes financial and emotional distress as I am not able to meet my financial obligations. I have very poor credit and shouldn't have to go into debt to pay a debt, especially when I am not in arrears, had not defaulted, and consistently paid the amount ordered by this Court to be paid.

Furthermore, this extra-judicial action is in contempt of this Court's order for me to pay $100 a year. Each monthly deduction amounts to $250.50, two and a half times my ANNUAL obligation. And, once taken, it will not be returned to me because of the unpaid balance due on the restitution judgment. [1]

My present conundrum is whether to remit $100 to the Clerk to be credited against whatever my restitution balance is for 2020, or not, as $1002 has been "paid" on this restitution judgment by way of the IRS deducting $250.50 in February, March, November and December from my Social Security retirement benefit. My concern if I don't comply with the schedule of payments, despite these deductions, is that I'll be deemed to be delinquent or in default, albeit unjustly so. Out of an abundance of caution, I will remit a money order for $100 to the Clerk to be credited to my restitution judgment for 2020 and request that it be held in escrow until such time that this matter is cleared up.

---

[1] I have been unsuccessful in obtaining an accounting of the restitution judgment imposed jointly and severally in this case such that I truly do not know how much is owed on the entire amount of restitution nor the apportionment applied to my particular restitution judgment.

Having apprised this Court of these circumstances, I respectfully request this Court's intervention to stop further deductions from my Social Security retirement benefit that are far in excess of this Court's ordered schedule of payments, and require an annual accounting statement of the joint and several restitution judgment balance, taking into account all payments, reductions, set-offs, and forgiveness and their apportionment across the joint and several defendants.

Thank you for your thoughtful consideration of this information and liberally construing this communication.

Respectfully,

Constance Taylor
835 W. Wardlow Road
Highland, MI 48357
(313) 303-1099
ccsllc@mail.com

cc:     David J. Ignall, Esq.@ david.j.ignall@usdoj.gov

**EXHIBIT "A"**

Constance Taylor
835 W. Wardlow Road
Highland, MI 48357

October 25, 2017

US DEPARTMENT OF JUSTICE
UNITED STATES ATTORNEY
ATTN: LEVAIN L. KELLY          Via certified mail: <u>70150640000703256271</u>
EASTERN DISTRICT OF PENNSYLVANIA
615 CHESTNUT STREET SUITE 1250
PHILADELPHIA, PA 19106-9240

RE:    FINANCIAL INVESTIGATION
       06-CR-000658-3

Enclosed you will find the following as directed by you in your October 11, 2017 notice:

> ➢ Completed financial statement form
> ➢ "Pay stubs" for past two months
> ➢ Photocopies of two most-recently filed federal income tax returns
> ➢ Photocopies of three most recent statements for all checking, savings, and other financial accounts

Please note that I have consistently and fully complied with the schedule of payments on the restitution judgment in the above-referenced matter as ordered by the Court. My circumstances changed rather dramatically in early August and I do not anticipate any improvement in the foreseeable future.

Sincerely,

Constance Taylor

Encs.

**EXHIBIT "B"**



**U.S. Department of Justice**

United States Attorney

*Eastern District of Pennsylvania*

---

Levain L. Kelly, Paralegal Specialist
Direct Dial: (215) 861-8560
Facsimile: (215) 861-8618
Email: Levain.Kelly@usdoj.gov

615 Chestnut Street
Suite 1250
Philadelphia, Pennsylvania 19106-4476
(215) 861-8200

February 1, 2018

Constance Taylor
835 West Warlow Road
Highland, MI 48357

Re:     United States v. Constance Taylor
        Criminal No. 06-658-03

Dear Ms. Taylor:

Thank you for returning your completed financial statement. We have reviewed the statement and determined that your monthly payment amount should be $25.00. The terms of your repayment plan are set forth in the enclosed Installment Payment Agreement. Please retain one copy for your records and sign and return the other copy in the enclosed envelope.

Please call me if you have any questions.

Very truly yours,

LOUIS D. LAPPEN
United States Attorney

LEVAIN L. KELLY
Paralegal Specialist

Encl.

**U.S. Department of Justice**

United States Attorney

*Eastern District of Pennsylvania*            **INSTALLMENT PAYMENT AGREEEMENT**

*FINANCIAL LITIGATION UNIT*

THIS AGREEMENT is made between the UNITED STATES OF AMERICA, by its

attorneys, the United States Attorney's Office for the Eastern District of Pennsylvania, and

the defendant, Constance Taylor ("defendant"), as follows:

1. The defendant shall make regular monthly payments in the amount of $25.00 toward satisfaction of the balance of the financial judgment entered by the United States District Court for the Eastern District of Pennsylvania in Case No. 06-CR-658-03. The first payment under this agreement is due February 28, 2018, and all other payments are due no later than the 30th day of each month thereafter.

2. The defendant shall forward all payments by check, certified funds, bank check, or money order payable to the "Clerk, U.S. District Court," to the Clerk, United States District Court, 2609 U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106 (Attn: Financial Manager). All payments shall include the above-listed case number.

3. The amount of the payment due under this agreement shall be subject to annual review and modification by the United States Attorney's Office. The defendant agrees to submit a financial statement to the United States annually until the judgment is satisfied or otherwise released. The United States reserves its right, as permitted under applicable law, to: (1) adjust the payment plan or (2) if warranted by the circumstances, demand a lump sum payment.

4. If the Defendant fails to comply with the payment schedule set forth under this agreement, and if and such payment is more than 15 days in arrears, the United States may proceed with action to enforce collection of the outstanding debt, as permitted under applicable federal and state law.

5. The defendant further understands and agrees that, in addition to the payments due under this agreement, the United States Attorney shall refer the debt to the U.S. Department of Treasury for inclusion in the Treasury Offset Program. Under this program, the United States may offset and apply toward the judgment any federal payment that defendant normally would be eligible to receive.

## FOR THE PARTIES:

LOUIS D. LAPPEN
United States Attorney

_____               _____
LEVAIN L. KELLY                            CONSTANCE TAYLOR
Paralegal Specialist                       Defendant

Date: _____                  Date: _____

**EXHIBIT "C"**

Constance Taylor
835 W. Wardlow Road
Highland, MI 48357

February 17, 2018

US DEPARTMENT OF JUSTICE
UNITED STATES ATTORNEY
ATTN: LEVAIN L. KELLY          Via certified mail: 70150640000703256288
EASTERN DISTRICT OF PENNSYLVANIA
615 CHESTNUT STREET SUITE 1250
PHILADELPHIA, PA 19106-9240

RE:    REPAYMENT PLAN
       06-CR-000658-3

I am in receipt of and in agreement with the terms and conditions of the proposed Repayment
Plan. However, I am reluctant to sign off on it as Judge Brody has made it very clear that only
the Court, an Article III entity, has the authority to change the schedule of payments. This was
the only issue on which I prevailed on appeal and do not want to traverse my own position.

Accordingly, I propose that the government draft an Agreed Order that encompasses the terms
and conditions of the Repayment Plan which once executed by the Parties, is submitted to the
Court for approval.

Enclosed herewith you will find my first payment of $25.00 for 2018, either under the existing
payment schedule/Order or the proposed Repayment Plan that is submitted to confirm my good
faith agreement and cooperation.

Sincerely,

Constance Taylor

Enc.

**EXHIBIT "D"**



# US v Taylor ED PA 06-658-3 Restitution

From:

    "Constance Taylor" <ccsllc@mail.com>

To:


Date:

    Mar 4, 2020 12:01:02 PM

Mr. Kelly:

I  just left a message on your voice mail regarding my Social Security benefit from which 15% was deducted by the IRS on February 12, 2020, WITHOUT NOTICE to me. This is in contradiction to the Court's restitution judgment and schedule of payments ordered in November 2012. As I have informed you in the past, particularly on February 17, 2018, only an Article III entity has the authority to determine and change the schedule of restitution payments. Furthermore, I have timely and fully made all restitution payments ordered by the court, and am not in arears. Thus, there is absolutely no justification for this deduction.

Kindly acknowledge your receipt of this email and cease and desist the 15% deductions from my Social Security benefit.

Thank you.

Constance Taylor

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential intended only for the use of the recipient named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. DO NOT READ this message and immediately reply to the sender that you have received this communication in error and are deleting the message and your reply. Thank you.