UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
Philadelphia Division

| | |
|---|---|
| **UNITED STATES**<br>    **Plaintiff**<br><br>v.<br><br>**CONSTANCE TAYLOR**<br>    **Defendant** | :<br>:<br>:<br>:  Case No. 06-658-03 ABB<br>:<br>:<br>:<br>: |

**ORDER**

AND NOW, this _____ day of _____, 2021, upon consideration of pro-se Defendant's emailed letter to the Court (Doc. # 1076), the government's response thereto (Doc. # 1078), and Defendant's reply and motion to stay collection of restitution, it is hereby

ORDERED that Defendant's request for a permanent stay of the collection of restitution as unconstitutional in violation of the *Ex Post Facto* clause, is GRANTED; and it is further

ORDERED that, within 30 days from the date of this Order, the government shall provide Defendant with an accounting of restitution owed that shall include any credit for restitution for which Defendant may be entitled for payments made directly to the Internal Revenue Service resulting from the offenses of this case, and annually thereafter, until the joint and several restitution judgment is satisfied or otherwise terminated.

**HONORABLE ANITA B. BRODY**
**United States District Court Judge**

Copies to: All parties

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
Philadelphia Division

| | | |
|---|---|---|
| **UNITED STATES** <br> **Plaintiff** | : <br> : <br> : | |
| v. | : <br> : | Case No. 06-658-03 ABB |
| **CONSTANCE TAYLOR** <br> **Defendant** | : <br> : <br> : <br> : | |

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S LETTER MOTION AS A MOTION TO STAY COLLECTION OF RESTITUTION

Comes now Constance Taylor, on my own behalf without assistance of counsel to reply to Plaintiff's response to my letter to Judge Brody seeking intervention and guidance about Plaintiff taking 15% of my Social Security to pay my restitution judgment as a Motion to Stay Collection of Restitution. Both my letter and the Government's response are incorporated herein by reference.

While the Government justifies the taking of my Social Security by the Treasury Offset Program ("TOP"), and supports its justification with statutes and case law, one particularly crucial aspect has been overlooked, to wit:

The Government cites The Debt Collection Improvement Act of 1982, 31 U.S.C. §§ 3701, *et seq.*, as its authority "to collect non-tax debts by withholding funds paid out by other federal agencies." This act in inapplicable to my criminal restitution that is governed by the Firearm Excise Tax Improvement Act of 2010,

P.L. 111-237, 124 Stat. 2498 that was signed into law on August 16, 2010. The Act provides, in relevant parts, that:

"**SEC. 2. Assessment of Certain Criminal Restitution**.

(a) In General.— Subsection (a) of section 6201 of the Internal Revenue Code of 1986 is amended by adding at the end the following new paragraph:

(4) Certain Orders of Criminal Restitution.—

(A) In General.—The Secretary shall assess and collect the amount of restitution under an order pursuant to section 3556 of title 18, United States Code, for failure to pay any tax imposed under this title in the same manner as if such amount were such tax.

(B) Time of Assessment.—An assessment of an amount of restitution under an order described in subparagraph (A) shall not be made before all appeals of such order are concluded and the right to make all such appeals has expired.

(C) Restriction on Challenge of Assessment.—The amount of such restitution may not be challenged by the person against whom assessed on the basis of the existence or amount of the underlying tax liability in any proceeding authorized under this title (including in any suit or proceeding in court permitted under section 7422)."

(b) Exception From Certain Restrictions on Assessment and Collection.—

(1) No Petition to Tax Court, no Restriction on Further Deficiency Letters, etc.— Subsection (b) of section 6213 of such Code is amended by adding at the end the following new paragraph:

(5) Certain Orders of Criminal Restitution.—If the taxpayer is notified that an assessment has been or will be made pursuant to section 6201(a)(4)—

(A) such notice shall not be considered as a notice of deficiency for the purposes of subsection (a) (prohibiting assessment and collection until

2

notice of the deficiency has been mailed), section 6212(c)(1) (restricting further deficiency letters), or section 6512(a) (prohibiting credits or refunds after petition to the Tax Court), and

    (B) subsection (a) shall not apply with respect to the amount of such assessment."

    (2) Time Limitations on Assessment and Collection.—Subsection (c) of section 6501 of such Code is amended by adding at the end the following new paragraph:

    (11) Certain Orders of Criminal Restitution.—In the case of any amount described in section 6201(a)(4), such amount may be assessed, or a proceeding in court for the collection of such amount may be begun without assessment, at any time."

    (c) Effective Date.— The amendments made by this section shall apply to restitution ordered after the date of the enactment of this Act.

**P.L. 111-237, §2**.

As Plaintiff is well aware, I was sentenced on October 20, 2008, almost two years before the Firearm Excise Tax Improvement Act ("FETIA") changed the character of criminal restitution as repayment to a victim (IRS in my case) to an unpaid tax. This amendment, by itself, negates the applicability of The Debt Collection Improvement Act of 1982 to my restitution as it is now a "tax" debt.

By Plaintiff's admission, the IRS has been and is actively using its collection power in respect to my court-ordered criminal restitution. While Plaintiff provided me with the Clerk's report of payments shows $141,186.09 collected from myself and co-defendants through January 26, 2021, **Exhibit "A"**, this does not show the "payments made directly to the Internal Revenue Service resulting from the

3

offenses in this case" (Proposed Order at page 2) which Plaintiff requires 120 days to obtain. As an aside, in this digital age, it is inconceivable to me that this data is not readily available and requires three months for Plaintiff to compile, yet it is very necessary that this compilation be made so that everyone is on the same page, knows exactly how much of the total restitution judgment that is "joint and several" has been satisfied and the outstanding balance. (As of September 2012, when co-defendant Crim was re-sentenced on remand to clarify his restitution judgment, as was I in November 2012, the Government affirmed that $13,460,448.46 of the total loss amount, $17,242,806.57, has been paid, off-set, forgiven, or otherwise credited. Crim Re-sentencing Transcript Page 4, line 10.)

The FETIA as applied to me violates the *Ex Post Facto* Clause to the U.S. Constitution and must be declared unconstitutional, as applied to the facts of this case.[1] The general rule is that a defendant should be sentenced under the guidelines in effect at the time of sentencing. *See United States v. Diaz*, 245 F.3d. 294, 301 (3d Cir. 2001), citing *United States v. Menon*, 24 F.3d 550, 566 (3d. Cir. 1994). But "[w]here an amendment to a section of the sentencing guidelines occurs following the convicted offense conduct and the amendment results in

---

[1] Co-defendant John Michael Crim renewed a motion to stay his restitution order and a declaration that FETIA was unconstitutional as it violated the Ex Post Facto clause (Doc. # 978 filed 11.18.15) that had originally been denied and on appeal deemed to be premature, *infra*. Crim's presentation of the facts, law and arguments are almost identical to my circumstances such that I have adopted his memorandum of law and re-present it here, with modifications consistent with my particular circumstances.

4

harsher penalties than were in effect at the time of the conduct, the *ex post facto* clause and U.S.S.G. § 1B1.11(a) both require the District Court to apply the sentencing guidelines in effect on the date that the offense of conviction was committed. *Miller v. Florida*, 482 U.S. 423, 431-35, 107 S.Ct. 2446, 2451-54, 96 L.Ed.2d 351 (1987)." *United States v. Larkin*, 629 F.3d 177, 193 (3d Cir. 2010).

An amended guideline may be applied retroactively if it clarifies the law in existence at the time of sentencing. *See Diaz, supra*; s*ee also United States v. Marmolejos*, 140 F.3d 488, 490 (3d Cir. 1998). As I was sentenced in 2008, prior to the enactment of FETIA, the constitutionality issue turns on whether the Act is a "clarifying" amendment or whether it is a "substantive" amendment to the IRS's ability to assess and collect the amount of court ordered restitution *and* the Defendant's rights to contest such assessments in either the U.S. Tax Court, the District Courts, or the Court of Federal Claims. Clarifying amendments are given retrospective application, while substantive amendments are not. *See* U.S.S.G. § 1B1.11(b)(2). Furthermore, the analysis may implicate constitutional concerns because the retroactive application of a sentencing provision will violate the Constitution's prohibition against *ex post facto* laws when such application would disadvantage the defendant affected by it. *See Diaz*, 245 F.3d. at 303.

The Third Circuit's approach, in determining between a substantive or clarifying amendment, considers important factors such as (1) the language of the amendment; (2) its purpose and effect; and (3) whether the guideline and commentary in effect at the time of sentencing is consistent with the amended sentencing manual.  *See id.*  In *Marmolejos*, the Third Circuit addressed a "clarifying" versus "substantive" amendment to the U.S. Sentencing Guidelines.  In that case the Third Circuit concluded that an amendment represented a clarification of the previous application regarding the proper weight of drugs for a court to consider sentencing a defendant involved in a completed narcotics transaction. *See Marmolejos*, 140 F.3d at 493.  The court articulated that the amendment should be given retroactive effect because it filled a void and resolved an ambiguity.  *Id*.

In contrast, I submit that the Act is substantive amendment to the IRS's ability to assess and collect the amount of court ordered restitution *and* a substantive amendment to a Defendant's ability to contest such assessments in subsequent litigation.  In the instant matter, there was no such need to fill a void or resolve an ambiguity.  Before the Act's passage, the IRS could accept payments of restitution as a victim, but had no power to administratively collect on restitution because restitution is not a tax (which by definition is not subject to assessment procedures).  *See* IRS Chief Counsel Notice 2011-018 (August 26, 2011).

Presently, the Act empowers the IRS to use its administrative collection

tools to enforce a restitution-based assessment. *See Id*. The Act does not include language that expresses the amendment merely clarifies the IRS's collection ability. The purpose of the Act was to give the IRS additional collection tools that it previously lacked and prevent criminal defendants from contesting restitution amounts in subsequent litigation. Therefore, the Act established the IRS's newfound ability to collect on restitution, which it did not have before, instead of clarifying whether or not the IRS had such power in the first instance.

Additionally, the Act was not intended to apply retroactively. "[B]ecause the amendment is not retroactive, the design and implementation teams are not developing procedures to change the process to record restitution ordered or payments received for defendants sentenced before August 16, 2010." Treasury Inspector General for Tax Administration, Procedures are needed to improve the accounting and monitoring of restitution payments to prevent erroneous refunds, (January 27, 2012) at http://www.treasury.gov/tigta/auditreports/2012reports/201230012fr.pdf (last visited January 31, 2021). As previously mentioned, I was sentenced in 2008, and consequently, the Act should not have retroactive application.

The retroactive application of the Act would impose a harsher penalty on me as it allows the IRS to obtain via a restitution order what it previously could not collect. As such, "the Constitution does not permit retroactive application of an

amended sentencing guideline where […] a harsher penalty might result." *Diaz*, 245 F.3d. at 304 (citing *United States v. Menon*, 24 F.3d 550, 566 (3d. Cir. 1994) (citations omitted). Thus, any attempt by the Government to use the Act's expanded collection provisions violates the *ex post facto* clause of the United States Constitution.

The Supreme Court revisited *Ex Post Facto* considerations in *Peugh v. United States*, 186 L. Ed. 2d 84 (2013). In *Peugh,* the Supreme Court considered whether the retroactive application of the now advisory U.S. Sentencing Guidelines violates the *Ex Post Facto* Clause, and held that it did. *Id*.

In discussing the *ex post facto* jurisprudence, the *Peugh* court acknowledged that "[t]he phrase *ex post facto* law was a term of art with an established meaning at the time of the framing." *Id*. at 96 (internal quotations and citations omitted). Harkening back to one of the Supreme Court's earliest cases, *Calder v. Bull*, 3 U.S. 386 (1798), *Peugh* reaffirmed that:

> 1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. *Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed*. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender."

*Peugh*, 186 L. Ed. 2d at 96 (emphasis added) citing *Calder.*

This fundamental unfairness violates the "basic principles of fairness that animate the *Ex Post Facto* Clause." *Peugh*, 186 L. Ed. 2d at 100. If the design of the *Ex Post Facto* Clause is to "ensure[] that individuals have fair warning of applicable laws and guards against vindictive legislative action. [And] [e]ven where these concerns are not directly implicated, however, the Clause also safeguards a fundamental fairness interest . . . in having the government abide by the rules of law it establishes to govern the circumstances under which it can deprive a person of his or her liberty or life." *Id*. (internal citations and quotations omitted). Accordingly, the Act violates *Ex Post Facto* Clause and the Government should be enjoined for any further collection activity.

Co-defendant Crim initially sought a stay of his restitution order and a declaration that it was unconstitutional in violation of the Ex Post Facto clause upon remand and re-sentencing to clarify the restitution order. Doc. # 886. The Court denied the Defendant's motion to declare the Act unconstitutional, without reaching the merits of the motion. Doc. # 895. Crim appealed, and the Third Circuit held:

> After Crim's conviction, Congress passed the Firearm Excise Tax Improvement Act of 2010. Among other things, the law authorizes the IRS to use its administrative powers to collect on criminal restitution when the government is the victim by treating the criminal restitution as a tax. *See* 26 U.S.C. § 6201(a)(4). Before 2010, the IRS could receive restitution payments like any other victim entitled to criminal restitution but it lacked the authority to actively collect restitution. Because the IRS lacked this authority when Crim

9

> participated in the conspiracy, he claims this subsection is an unconstitutional *ex post facto* law as applied to him. *Crim's argument is best described as contingent and premature, touching as it does on an enforcement mechanism that the IRS has not yet employed to collect the restitution Crim owes to the United States. If the IRS chooses to use this power against Crim, he may challenge its legality at that time.*

*United States v. Crim*, 553 F. App'x 170, 172 (3d Cir.) *cert. denied,* 134 S. Ct. 2851, 189 L. Ed. 2d 824 (2014) (emphasis added).

As the Government has used it power authorized by FETIA in the collection of my criminal restitution by set-off of my federal income tax refunds and debiting 15% of my monthly Social Security benefit (neither of which is reflected in the Clerks payment record, *supra*.), I have standing to challenge the constitutionality on *ex post facto* grounds. Having shown that I am being subjected to a harsher penalty than when participating in the crimes for which I was convicted, it is clear that the Government's use of these collection mechanisms is unconstitutional as violative of the *Ex Post Facto* clause and must be forever abandoned.

Respectfully submitted,

By: _____
Constance Taylor - Defendant, pro-se
835 W. Wardlow Road
Highland, MI 48357
(313) 303-1099 ccsllc@mail.com

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct of the foregoing was on this 1st day of February 2021 served on Plaintiff and submitted to the Court by email.

_____

10

**EXHIBIT "A"**

**U.S. Courts**
**Case Inquiry Report**
**Case Number: DPAE206CR000658; Party Number: 003; Payee Code: N/A**
Show Party Details: Y; Show Payee Details: Y; Show Transactions: Y

| Case Number | DPAE206CR000658 | Case Title | USA VS JOHN CRIM |
|---|---|---|---|

**Summary Party Information:**

| Party# | Party Code | Party Name | Account Code | Debt Type | JS Account # | Total Owed | Total Collected | Total Outstanding |
|---|---|---|---|---|---|---|---|---|
| 003 | PAEA002727 | CONSTANCE TAYLOR | PAEACONV00002627 | SPECIAL PENALTY ASSESSMENT | | 300.00 | 300.00 | 0.00 |
| 003 | PAEA002727 | CONSTANCE TAYLOR | PAEACONV00002627 | VICTIM J&S RESTITUTION | DPAE206CR000658/A | 91,028.14 | 91,028.14 | 0.00 |
| 003 | PAEA002727 | CONSTANCE TAYLOR | PAEACONV00002627 | VICTIM J&S RESTITUTION | DPAE206CR000658/G | 2,969,879.86 | 26,280.29 | 2,943,599.57 |
| 003 | PAEA002727 | CONSTANCE TAYLOR | PAEACONV00002627 | VICTIM J&S RESTITUTION | DPAE206CR000658/H | 239,092.00 | 23,877.66 | 215,214.34 |
| | | | | | | 3,300,300.00 | 141,486.09 | 3,158,813.91 |

**Summary Payee Information:**

| Payee Code | Payee Name | Total Owed | Total Paid | Total Outstanding |
|---|---|---|---|---|
| PAEA002021 | DEPARTMENT OF TREASURY | 3,300,000.00 | 139,610.91 | 3,160,745.32 |
| | | 3,300,000.00 | 139,610.91 | 3,160,745.32 |

**Registry Information:**

| Depository Code | Depository Name | Account Number | Depository Total | Account Type |
|---|---|---|---|---|