IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | Criminal No. 06-658-03 |
| CONSTANCE TAYLOR : | |

### GOVERNMENT'S SURREPLY TO DEFENDANT'S
### MOTION TO STAY COLLECTION OF RESTITUTION

In accordance with this Court's Order dated February 16, 2021 (ECF No. 1081), the government submits the following surreply to the defendant's reply (ECF No. 1079) to the government's response (ECF No. 1078) to her *pro se* letter to this Court dated December 29, 2021 (ECF No. 1076) seeking relief from this Court's restitution judgment.

In her reply, the defendant contends that the government improperly collected restitution through the offset of her Social Security benefits through the Treasury Offset Program ("TOP"), under The Debt Collection Improvement Act of 1982, 31 U.S.C. § 3701, *et seq*. The defendant instead contends that, because the Firearm Excise Tax Improvement Act of 2010 ("FETIA") governs, her criminal judgment imposing restitution is "now a 'tax' debt" and the TOP offset provisions do not apply to the government for the collection of her debt. Reply, p. 3. This argument is without merit.

The defendant misconstrues the application of FETIA to her debt. That statute, made effective on August 16, 2010, amended certain provisions of the Internal Revenue Code. Among other things, the statute amended the Internal Revenue Code to authorize

the Secretary of the Treasury to *separately assess* certain types of criminal restitution. 26 U.S.C. §§ 6201(a)(4)(A), 6501(c)(11) (emphasis added). The enactment of this statute, however, did not alter in any way that federal courts impose and the government is authorized to collect criminal restitution based on a Title 26 tax offense.

Through FETIA, Congress specifically, authorized the Secretary of the Treasury (through the Internal Revenue Service) to "assess and collect the amount of restitution under an order pursuant to section 3556 of title 18, United States Code, for failure to pay any tax imposed under this title in the same manner as if such amount were such tax." 26 U.S.C. §§ 6201(a)(4)(A). *See also* 26 U.S.C. § 6501(b)(11).[1] This means that following the entry of a restitution judgment in a federal criminal tax case, the IRS can assess and collect the restitution judgment like a civil tax debt. *See United States v. Crim*, 553 F. App'x 170, 172 (3d Cir. 2014) (not precedential) (FETIA authorizes IRS to use its administrative powers to collect restitution owed to IRS by treating the criminal restitution as a tax). Although these debts are related, "assessments on criminal restitution amounts are separate and distinct from the criminal restitution judgment." *United States v. Rabkin*, 315 F.R.D. 159, 163 (E.D. N.Y. 2016), citing *In re Jara*, 2015 WL 542408

---

[1] This is because generally, unless provided for in a plea agreement, restitution for Title 26 tax offenses is authorized only as condition of supervision. *See, e.g.*, 18 U.S.C. § 3583(d) and USSG 5E1.1(a)(2). Such restitution thus terminates upon the conclusion of the period of supervision. FETIA then provides the IRS with separate civil remedies to assess restitution and pursue collection after the liability expires in the criminal case. Here, because the defendant was convicted of a tax conspiracy under 18 U.S.C. § 371, a Title 18 fraud offense against property, *see* 18 U.S.C. § 3663A(c)(1(A)(ii), the liability for restitution terminates 20 years from the date she was released from prison. 18 U.S.C. §§ 3613(b), (c).

(Bankr. S.D. Tex. Feb. 5, 2015). *Accord United States v. Tucker*, 217 F.3d 960, 962 (8th Cir. 2000) ("Of course, any amounts paid to the IRS as restitution must be deducted from any civil judgment IRS obtains to collect the same tax deficiency.").

The defendant raises as her primary argument is that the offset of her Social Security benefits to collect her restitution judgment violated the *Ex Post Facto* Clause of the U.S. Constitution. Reply, p. 4. The defendant mistakenly believes that the government, through the IRS, sought to offset her government benefits under the FETIA statute, and, because that statute was not in effect at the time of her sentencing, the collection action was unconstitutional. *Id*. This argument fails for several reasons.

First, the offset cannot implicate the *Ex Post Facto* Clause because it did not result from the IRS' assessment and collection of her restitution obligation under 26 U.S.C. § 6201(a)(4). Instead, the United States Attorney's Office initiated the offset to collect this Court's criminal restitution judgment as authorized under law. *See* 18 U.S.C. §§ 3613(a)(f) (government enforces restitution in the same manner as a criminal fine against the defendant's property and rights to property), 3664(m)(1)A) (government may enforce restitution by all other available and reasonable means). *See also* 31 U.S.C. § 3716(c)(1)(A), 28 C.F.R. §§ 11.10 *et seq*. (concerning the procedures allowing the Department of Justice to offset debts through TOP). Attached as "Exhibit A" to this surreply is a copy of the U.S. Department of Justice Administrative Offset Notice dated May 30, 2015 sent to the defendant at her last known address. The notice clearly shows that the collection action was initiated by the United States Attorney's Office and not the IRS. The fact that under FETIA Congress authorized the IRS to separately assess and

collect restitution imposed in federal criminal tax cases does not preclude the government from taking independent action to collect the defendant's criminal restitution obligation. The government properly offset the defendant's government-owed benefits to collect restitution imposed in this criminal case.[2] Accordingly, as applied to the defendant here, there is no *ex post facto* violation because the FETIA statute does not apply to the United States Attorney's actions to collect an outstanding restitution order owed to the IRS.

Importantly, even if this Court determines that the FETIA statute applied, it still should conclude there is no *Ex Post Facto* violation. A law is *ex post facto* in violation of the Constitution when it "punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed . . ." *Dobbert v. Florida*, 432 U.S. 282, 292 (1977). The FETIA statute does none of these things, and it merely gives the IRS new civil procedures to collect restitution. A change in civil collection procedures does not constitute additional punishment. *See, e.g., United States v. Gianelli*, 543 F.3d 1178, 1183 (9th Cir. 2008) (rejecting defendant's contention that the *Ex Post Facto* Clause precludes enforcement of extant restitution judgment under the Federal Debt Collection Procedures Act); *United States v. Phillips*, 303 F.3d 548, 551 (5th Cir. 2002) (to the extent the MVRA merely affects how punishment is collected, it does not

---

[2] The offset has not been active since the defendant filed her letter motion because the government removed the defendant's restitution judgment from TOP pending resolution of the motion.

increase appellant's punishment); *United States v. Baggett*, 125 F.3d 1319, 1323 (9th Cir. 1997) (procedural changes which made it less onerous for an United States Attorney to substantiate requested restitution amounts was not an *Ex Post Facto* Clause violation because the changes did not increase the available punishment).

At least one court has held that the FETIA statute poses no *ex post facto* issues. In *United States v. Rubenstein*, 228 F. Supp.3d 223, 232 (E.D. N.Y. 2017), the court rejected a defendant's similar challenges to the FETIA statute alleging that the IRS' assessment of interest and collection of a criminal restitution judgment among other things violated the *Ex Post Facto* Clause. The court noted that "[FETIA Section] 6201(a)(4) was intended to be civil in nature." 228 F. Supp.3d at 232, citing *Department of Revenue of Montana v. Kurth Ranch*, 511 U.S. 767, 779 (1994). The court also noted that the defendant "failed to meet his 'heavy burden' to show 'by the clearest proof' that the IRS's assessment pursuant to the Act is so punitive in form and effect as to render [it] criminal despite Congress' intent to the contrary.'" *Id*. at 234.

Second, at best, the defendant's challenges under FETIA are premature. The Court of Appeals rejected a similar challenge to the statute by co-defendant John Michael Crim. *United States v. Crim*, 553 F. App'x 170 (3d Cir. 2014) (not precedential). In its decision, the Court of Appeals held that Crim's challenge was premature. The Court noted:

> Crim's argument is best described as contingent and premature, touching as it does on an enforcement mechanism that the IRS has not yet employed to collect the restitution Crim owes to the United States. If the IRS chooses to use this power against Crim, he may challenge its legality at that time. Nothing in the restitution order before us implicates the IRS's collection authority under 26 U.S.C. § 6201(a)(4).

553 F. App'x at 172. Following the appeal, Crim again challenged the constitutionality of FETIA before this Court. *United States v. Crim*, 2016 WL 7638465, *1 (E.D. Pa. Mar. 24, 2016), aff'd, 665 F. App'x 144 (3d Cir. 2016). In denying his motion, this Court held that Crim could not prevail because he failed to produce "any evidence that the IRS is exercising its powers under the FETIA to assess and collect the restitution that Crim owes to the Government." *Id*. at *1.

The defendant here raises similar claims that this Court must reject because they also are at best "contingent and premature."[3] The defendant has not presented any evidence to show that the IRS "is exercising its powers under the FETIA to assess and collect the restitution that [she] owes to the Government." *Id*. The defendant also has not presented any documents from the IRS showing any attempt to collect her restitution obligation. In support of her motion, the defendant only attached correspondence between her and the United States Attorney's Office concerning the collection of restitution. As noted above, the collection action that the defendant challenges here was not by the IRS under the authority of FEITA, but rather it involved the United States Attorney's Office enforcing a criminal restitution debt under the applicable criminal collection laws. Accordingly, because the defendant has not presented any evidence to show that the IRS availed itself to any of the provisions of FETIA to assess or collect restitution here, there can be no claim under the *Ex Post Facto* Clause.

---

[3] In her reply, the defendant acknowledged that she adopted the same arguments presented by co-defendant Crim. Reply, p. 4 n.1.

The defendant also objects to the government's request to provide a complete accounting of her joint and several restitution obligation within 120 days. As explained in its response to the motion, the government believes that this request is reasonable under the circumstances. The assigned case agent must review numerous taxpayer accounts to confirm whether the defendant (and her co-defendants) are entitled to credit for restitution for any payments these taxpayers made directly to the IRS. The government requires this period to review IRS databases to research these payments. The government anticipates that this will be extremely time consuming, especially when considering staffing issues at the IRS during the COVID-19 Pandemic. This request also will not prejudice any of the defendants given the substantial amount of restitution they owe in this case.[4]

---

[4] This Court also should reject Taylor's attempt to use the reductions in co-defendant Wayne Rebuck's joint and several restitution judgment. Indeed, Taylor's restitution judgment was only $3.3 million. Furthermore, Rebuck's joint and several restitution judgment included 15 non-defendant CTC clients, whose tax payments over time substantially reduced his restitution figure. *See, e.g.,* ECF Nos. 1015, 1041.

For these reasons, the government requests that this Court deny the defendant's motion and enter the proposed order attached to the government's response filed in this matter.

        Respectfully submitted,

        JENNIFER ARBITTIER WILLIAMS
        Acting United States Attorney

        _/s/ Joseph F. Minmi_
        JOSEPH F. MINNI
        Assistant United States Attorney
        Deputy Chief, Asset Recovery and
        Financial Litigation Section

        _/s/ Vineet Gauri_
        VINEET GAURI
        Assistant United States Attorney

Date: February 26, 2021.

# **CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that a true and correct copy of the GOVERNMENT'S SURREPLY TO DEFENDANT'S MOTION TO STAY COLLECTION OF RESTITUTION was electronically in the Clerk's Office Electronic Case Filing (ECF) system and is available for viewing and downloading from the ECF system, and that a true and correct copy was served by electronic mail, as follows:

>Constance Taylor
>835 W. Wardlow Road
>Highland, MI 48357
>ccsllc@mail.com

>/s/ Joseph F. Minni
>JOSEPH F. MINNI
>Assistant United States Attorney

Date: February 26, 2021.